Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Antonio Alemañy Rosado<br><br>Recurrente<br><br>vs.<br><br>Junta de Libertad Bajo Palabra<br><br>Recurrida | KLRA202500060 | **REVISIÓN ADMINISTRATIVA** procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 135946<br><br>Sobre: No Jurisdicción – Ley Núm. 85-2024 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece ante nos el señor Antonio Alemañy Rosado (en adelante, Sr. Alemañy Rosado o recurrente), mediante "Petición de Revisión Administrativa" y solicita que revoquemos la "Resolución" emitida por la Junta de Libertad Bajo Palabra (en lo sucesivo, JLBP) el 7 de noviembre de 2024.[1] Mediante el referido dictamen la JLBP determinó que carecía de jurisdicción para atender la petición del recurrente debido a una cláusula de exclusión contenida en la Ley Núm. 85-2024, *infra.*

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen emitido por la JLBP por los fundamentos que expondremos a continuación.

**I.**

**A.**

El señor Alemañy Rosado fue sentenciado el 20 de septiembre de 1999 por los delitos de actos lascivos, violación y

---

[1] Notificada el 2 de diciembre de 2024.

agresión agravada, todos tipificados en el Código Penal de 1974, Ley Núm. 115 del 22 de julio de 1974,[2] y por una infracción al Art. 4 de la Ley de Armas de 1951, Ley Núm. 17 del 19 de enero de 1951, para un total de 70 años de encarcelamiento.

En el proceso de extinguir su sentencia, el Departamento de Corrección y Rehabilitación (en lo sucesivo, DRC) le produjo al recurrente una "Hoja de Control Sobre Liquidación de Sentencia" el 6 de febrero de 2024.  Posterior a ello, el DCR refirió el caso del Sr. Alemañy Rosado a la JLBP para ser evaluado.

Luego de varios incidentes procesales inmateriales a la controversia ante nuestra consideración, la JLBP emitió una "Resolución" el 7 de noviembre de 2024.  En ella se declaró sin jurisdicción para atender el presente caso debido a que la Ley Núm. 85-2024 contiene una cláusula de exclusión que prohíbe a las personas convictas de violación y actos lascivos beneficiarse de los cálculos provechosos introducidos en la Ley Núm. 85-2022.

Añadió la JLBP que, según la "Hoja de Control Sobre Liquidación de Sentencia", el recurrente cumple con el máximo de las penas excluidas por la Ley Núm. 85-2024 el 17 de noviembre de 2032, por lo que a partir de esa fecha el DCR puede referir nuevamente el caso a la JLBP para ser evaluado.

Inconforme con la determinación, el Sr. Alemañy Rosado presentó el 12 de diciembre de 2024 una "Moción de Reconsideración de No Jurisdicción (Ley Núm. Num. [sic] 85-2024) para la Concesión de Libertad Bajo Palabra" la cual fue rechazada de plano.

Insatisfecho aun, recurre ante este foro apelativo intermedio y señala la comisión de los siguientes errores, a saber:

*Abusó de su discreción la JLBP al declararse sin jurisdicción en el presente caso al aplicar retroactivamente la Ley 85-2024, violentándose así el*

---

[2] Arts. 105, 99 y 95 (a), respectivamente.

*principio constitucional que prohíbe leyes ex post facto. Además la actuación de la agencia constituye una violación a un debido proceso de ley.*

## II.

## A.

La Junta de Libertad Bajo Palabra, es un organismo adscrito al Departamento de Corrección y Rehabilitación, creado al amparo de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 del 22 de julio de 1974, según enmendada, 4 LPRA, sec. 1501-1516. Esta ley concede a la JLBP discreción para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de nuestro país.

Con el propósito de expandir la jurisdicción de la JLBP, la Asamblea Legislativa promulgó la Ley Núm. 85-2022 para, de manera justa, retributiva y rehabilitadora, permitirle a una cantidad mayor de convictos solicitar el beneficio de libertad bajo palabra.[3] El estatuto cumplió con su fin al presentar dos enmiendas, una al Art. 308 del Código Penal, 33 LPRA sec. 5416, que establece los términos para cualificar para la consideración de la JLBP, y otra al Art. 3 de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503, el cual establece la autoridad, poderes y deberes de la JLBP.

A su vez, la Ley Núm. 85-2022 contiene una tercera sección donde decreta que su aplicación será "de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada".

Pese a lo anterior, dos años después se aprobó la Ley Núm. 85-2024 con el propósito de limitar el alcance de la antedicha pieza legislativa. La Ley Núm. 85-2024 contiene tres disposiciones generales, la primera sección enmienda al Art. 308 del Código

---

[3] Véase, Exposición de Motivos.

Penal, *supra,* con el fin de excluir ciertos convictos de beneficiarse de los cálculos que introdujo la Ley Núm. 85-2022. El texto incorporado aclara que:

> *Las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.*

La segunda sección incorpora el mismo lenguaje, pero esta vez al Art. 3 de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, *supra.*

Finalmente, en su tercera sección el estatuto incorpora una cláusula de exclusión de jurisdicción con un lenguaje similar a las dos previas secciones, a saber:

> *La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.*

Continúa la sección precisando que "[l]a Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior". *Íd.*

Lo anterior, modificando la tercera sección de la Ley Núm. 85-2022 que instituía una aplicación retroactiva de los cálculos. Para abundar sobre dicho pronunciamiento, el estatuto detalla que:

> *La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía,*

*incesto, secuestro, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. Íd.*

La sección concluye atendiendo un asunto procesal relacionado a las solicitudes presentadas previo a la aprobación del estatuto. Sobre dicho particular, dilucida que "[l]as personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud". *Íd.*

**B.**

La Constitución del Estado Libre Asociado de Puerto Rico dispone que "[n]o se aprobarán leyes *ex post facto* ni proyectos para condenar sin celebración de juicio". 1 LPRA. Art. II, Sec. 12, LPRA, Tomo I.

Existen cuatro tipos de estatutos que son *ex post facto*, a saber, las leyes que: (1) criminalizan y castigan un acto que al ser realizado no era delito; (2) agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) alteran las reglas de evidencia reduciendo el quantum de prueba de evidencia necesario para encontrar culpable al acusado. *González v. E.L.A.*, 167 DPR 400, 408 (2006); *Calder v. Bull,* 3 US 386 (1989).

Esta disposición constitucional protege a un ciudadano contra la aplicación o derogación retroactiva de leyes, reglamentos administrativos y ordenanzas municipales que acarrean consecuencias penales.

Esta protección se activa cuando la aplicación retroactiva de un nuevo estatuto resulta más onerosa que la vigente al momento

de los hechos delictivos. Dicha onerosidad se puede manifestar en la extensión de términos de reclusión a ser cumplidos por el sujeto, cónsono con la protección contra la imposición retroactiva de una pena mayor. *González v. E.L.A., supra,* a las págs. 408-410 citando a *Weaver v. Graham,* 450 US 24 (1981).

Según el Tribunal Supremo federal, la extensión del término de reclusión puede resultar de la eliminación de beneficios como bonificaciones o libertad bajo palabra pues lo determinante es si la eliminación retroactiva materialmente afecta la situación del convicto. *Weaver v. Graham, supra* a la pág. 32; *Greenfield v. Scafati,* 390 US 713 (1968).

Nuestro Tribunal Supremo tuvo la oportunidad de examinar el alcance de la cláusula constitucional en el contexto de unas revocaciones del beneficio de supervisión electrónica en *González v. E.L.A., supra.* En esa ocasión, resolvió que la revocación del referido privilegio no violentaba la protección contra leyes *ex post facto* debido a que el programa de supervisión electrónica no existía al momento en que los peticionarios cometieron los hechos. Como el privilegio fue otorgado posteriormente, la eliminación de este no constituía una alteración a la pena fijada para el delito al momento de ser cometido.

En su estudio de jurisprudencia norteamericana, nuestro Alto Foro resaltó varios escenarios donde la protección contra leyes *ex post facto* se activa. Entre ellas la eliminación retroactiva de bonificaciones por buen comportamiento que estaban vigentes al momento de la conducta delictiva. *Lynce v. Mathis,* 519 US 433 (1997). Consecuentemente, lo determinante para la activación de la protección constitucional es si el privilegio estaba disponible al momento de la comisión de la conducta delictiva.

Opinó nuestro Alto Foro que, como corolario de los ejemplos presentados, igualmente "resulta incompatible con la protección

contra leyes *ex post facto* aplicar retroactivamente una ley que elimina a cierto grupo de convictos la posibilidad de ser elegibles para la concesión de libertad bajo palabra o bajo supervisión electrónica". *González v. E.L.A., supra.* (citas omitidas).

## c.

Como norma general, la ley aplicable a unos hechos delictivos es aquella vigente al tiempo de cometerse el delito. *Pueblo v. González,* 165 DPR 675, 684 (2005); *Pueblo v. Rexach Benítez,* 130 DPR 273, 301 (1992). La excepción a esta norma es el principio de favorabilidad consagrado en el Art. 4 del Código Penal de 2012, 33 LPRA sec. 5004, el cual establece lo siguiente:

> *La ley penal aplicable es la vigente al momento de la comisión de los hechos.*
>
> *La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:*
>
> *(a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.*
>
> *(b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o al modo de ejecutarla, se aplicará retroactivamente.*
>
> *(c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad.*
>
> *En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.*

En esencia, el principio de favorabilidad establece que cualquier acusado tiene derecho a recibir el beneficio provisto por una ley posterior, siempre que ello resulte más favorable que lo dispuesto en la ley vigente al momento de la supuesta comisión de los hechos. *Pueblo v. Hernández García,* 186 DPR 656, 673 (2012); *Pueblo v. González, supra,* a la pág. 685. Dicho de otra manera,

este principio "ordena la aplicación retroactiva de leyes penales más favorables, lo que, a su vez, implica aplicar una ley cuya vigencia es posterior al acto u omisión realizado". *Íd.*

Ahora bien, es preciso señalar que el referido principio no es absoluto, ya que, al carecer de rango constitucional, su aplicación está dentro de la prerrogativa total del legislador. *Íd.*

Adviértase que, en nuestro ordenamiento jurídico, la intención legislativa de imponer limitaciones al principio de favorabilidad se manifiesta mediante la incorporación de cláusulas de reserva en los cuerpos legales penales. *Íd.* a las págs. 698-699; D. Nevares-Muñiz, Derecho Penal Puertorriqueño, 7ma ed. Rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2015, pág. 102.

Particularmente, el Tribunal Supremo de Puerto Rico ha pronunciado que:

> [L]*as cláusulas de reserva … impiden que una nueva ley penal que resulte ser más favorable a un acusado, convicto o sentenciado, sea aplicada de forma retroactiva, aun cuando la nueva ley derogue o enmiende una ley anterior; esto a su vez supone mantener vigentes las disposiciones legales que regían unos actos delictivos sin tomar en consideración que éstas hubiesen sido derogadas o enmendadas por una ley penal posterior más favorable. Pueblo v. González, supra,* a las págs. 594-595.

En cuanto a la interpretación judicial de las cláusulas de reserva, nuestro más Alto Foro ha resuelto que los tribunales deben preguntarse "si debe aplicarse una nueva ley en reconocimiento de la voluntad del legislador de derogar una ley anterior o aminorar los efectos de una pena, o si la cláusula de reserva debe entenderse a los efectos de que la intención del legislador es que la nueva ley tenga sólo efecto prospectivo". *Pueblo v. González, supra* a la pág. 689.  La opinión, a su vez, especificó que "la intención legislativa deberá prevalecer siempre y

cuando ésta no sobrepase los límites constitucionales". *Id.* a las págs. 695-696.

**III.**

Esgrime el recurrente que la Ley Núm. 85-2024 incide en la prohibición contra las leyes *ex post facto,* ya que la eliminación retroactiva del beneficio de libertad bajo palabra constituye una manera más onerosa de extinguir su sentencia. Por tanto, es su postura que la aplicación del precitado estatuto debe ser prospectiva, pues lo contrario significaría una alteración al estado de derecho vigente al momento de la comisión de los hechos, que sí le reconocía el privilegio. En virtud de ello, arguye que la JLBP sí posee jurisdicción para evaluar su petición. No le asiste la razón.

Según expusimos en el acápite anterior, la cláusula de leyes *ex post facto* protege contra actuaciones legislativas que alteran un castigo, cuando se impone retroactivamente una pena mayor a la fijada para el delito al momento de la comisión de los hechos delictivos. Por otra parte, examinamos la autoridad que posee la Asamblea Legislativa de promulgar estatutos que retroactivamente atenúen castigos, y de limitar su alcance según estima necesario.

Considerando lo anterior, y luego de examinar cuidadosamente la Ley Núm. 85-2024, resolvemos que, ésta no violenta la protección contra leyes *ex post facto.* Ello, ya que la referida ley no le elimina al recurrente la posibilidad de ser considerado al privilegio de libertad bajo palabra, sino que le elimina el poder beneficiarse de los cálculos de la Ley Núm. 85-2022.

Este Tribunal de Apelaciones ha reconocido la intención legislativa de excluir a las personas convictas de delitos de naturaleza sexual de los cálculos de la Ley Núm. 85-2022. De hecho, hemos atendido la misma controversia que ahora nos

ocupa, y concluimos que la Ley Núm. 85-2024 tenía como fin modificar el alcance de la tercera sección de la Ley Núm. 85-2022 que expresamente reconocía la aplicación retroactiva de los nuevos cálculos.[4]

De este modo, resolvemos que, al igual que en aquella ocasión, se desprende de la exposición de motivos y de una lectura integrada de la medida que la intención del legislador fue excluir a las personas convictas por delitos contra la indemnidad sexual de poder beneficiarse de los cálculos de la Ley Núm. 85-2022.[5] Consistente con lo antes resuelto, determinamos que actuó correctamente la JLBP al declararse sin jurisdicción para atender el caso, pues como concluimos, la Ley Núm. 85-2024 no es aplicable al recurrente.

No obstante lo anterior, y debido a que el estado de derecho vigente al momento de los hechos delictivos lo contemplaba, el Sr. Alemañy Rosado puede, en su momento, ser considerado al beneficio de libertad bajo palabra.[6]

El curso de acción anterior nos permite atender la controversia sin entrar en los argumentos de inconstitucionalidad presentados por el recurrente. Recordemos que, según la presunción de constitucionalidad que poseen las leyes, este Tribunal no juzgará la constitucionalidad de un estatuto si puede disponer de la controversia bajo otros fundamentos. *Aut. Puertos PR v. Total Petroleum Puerto Rico et al.*, 210 DPR 16, 29 (2022).

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, confirmamos la "Resolución" recurrida emitida por la Junta de Libertad Bajo Palabra.

---

[4] Véase "Sentencia" identificada con el alfanumérico KLRA202400616.

[5] Según la ley, los delitos son: delitos de agresión sexual, en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

[6] Se desprende de la "Hoja de Control Sobre Liquidación de Sentencia Actualizada", que la JLBP entendió que el recurrente podrá ser evaluado el 17 de noviembre de 2032.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones